UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandon-Michael Gray, | Case No. 23-cv-2563 (NEB/TNL) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Craig G. Sayer, | |
| Defendant. | |

Plaintiff Brandon-Michael Gray filed suit against Defendant Craig G. Sayer on August 22, 2023. ECF No. 1. As of January 31, 2024, the record indicated that service of the summons and Complaint on Defendant had not been effected. Plaintiff filed an affidavit of service on August 22, 2023, indicating he served Brain G. Sayer, not Defendant Craig G. Sayer with a copy of the summons and Complaint. ECF No. 3; *see also* ECF No. 7. This Court issued an Order directing Plaintiff to "show cause *in writing* within 30 days as to why [his] claims should not be dismissed against Defendant Craig G. Sayer for non-compliance with Federal Rule of Civil Procedure 4." ECF No. 7 at 2. Plaintiff was also warned that "[f]ailure to comply . . . may result in dismissal of this action against Defendant Craig G. Sayer for failure to prosecute." *Id*. As of the date of this Report and Recommendation, Plaintiff has failed to serve Defendant. Nor has he responded to the Court's Order to Show Cause.

A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *Link v. Wabash R.R.*

1

*Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984); *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).

In this case, Plaintiff has failed to prosecute. Plaintiff has not advanced his lawsuit forward in about six months since filing. Plaintiff failed to provide adequate information to the Court that Defendant has been served, let alone that Defendant has been served within the time permitted under Fed. R. Civ. P. 4(m). Nor is there any other indication in the record that Defendant has been served. Even after the Court issued the Order, ECF No. 7, Plaintiff has still failed to meet the requirements for service upon Defendant Craig G.

Sayer. Plaintiff's pro se status does not relieve him of his obligations to comply with the Federal Rules of Civil Procedure. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.") (citation omitted); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer . . . ."); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.") (citations omitted). Given Plaintiff's failure to comply with Rule 4(m), the Court concludes dismissal of Plaintiff's claims against Defendant for failure to prosecute is warranted.

Now, the Court must determine how dismissal of those claims is put into effect. *Hunt*, 203 F.3d at 527. The Court concludes, given Plaintiff's pro se status, that dismissal without prejudice is appropriate. Dismissal without prejudice appropriately balances this Court's need for efficient and effective docket control with Plaintiff's access to justice. *Id.*; *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (noting purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others). Plaintiff is warned that given the Court's recommendation in this matter, dismissals of future cases filed by Plaintiff may well justify dismissal with prejudice.

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendant Craig G. Sayer be **DISMISSED WITHOUT PREJUDICE**.

Date: March 8, 2024            *s/ Tony N. Leung*
                               Tony N. Leung
                               United States Magistrate Judge
                               District of Minnesota

                               *Gray v. Sayer*
                               Case No. 23-cv-2563 (NEB/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).